UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER BRUCE,

     Plaintiff,

v.                                Case No: 8:22-cv-2850-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

     Plaintiff Jennifer Bruce seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits.  As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the court recommends that the decision be affirmed.

## BACKGROUND

### A.    Procedural Background

     Plaintiff filed an application for a period of disability and disability insurance benefits on August 27, 2020.  (Tr. 245–51.)  The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 104–36.)  Plaintiff then requested an administrative hearing.  (Tr. 153–54.)  Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified.  (Tr. 49–75.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly

denied Plaintiff's claims for benefits. (Tr. 25–48.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–15.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1972, claimed disability beginning on June 20, 2019. (Tr. 245, 248.) Plaintiff has at least a high school education and past relevant work as a department manager. (Tr. 70, 283.) Plaintiff alleged disability due to degenerative disc disease, degenerative joint disease, osteoarthritis, fibromyalgia, arthritis, obstructive sleep apnea, obesity, major depressive disorder, and agoraphobia with panic disorder. (Tr. 282.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity from June 20, 2019, the alleged onset date, through December 31, 2020, the date last insured. (Tr. 30.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease; fibromyalgia; osteoarthritis; psoriatic arthritis; diabetes mellitus; obesity; depression; and anxiety. (Tr. 30.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 31.) The

ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §404.1567(b), except that Plaintiff:

> can perform frequent climbing stairs and ramps, balancing, and stooping, occasional climbing ladders, ropes, or scaffolds, kneeling, crouching, and crawling, and have frequent exposure to unprotected heights, dangerous equipment, and vibrations. The claimant is able to understand, remember, and carry out simple instructions, concentrate, persist, and maintain pace performing simple, routine tasks, have no interaction with the public, and have only occasional social interaction with coworkers and supervisors with occasional changes in work setting.

(Tr. 33.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 34.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 40–41.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as routing clerk, housekeeping cleaner, and marker. (Tr. 71.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff to be not disabled at any time from June 20, 2019, the alleged onset date, through December 31, 2020, the date last insured. (Tr. 42.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant

can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal

standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and argues that the decision must be reversed and remanded for the following reasons: (1) the ALJ failed to adequately address symptoms of Plaintiff's fibromyalgia; (2) the ALJ failed to adequately address symptoms of Plaintiff's psoriatic arthritis; (3) the ALJ erred in assessing the medical opinion of physical therapist Anthony P. Pribila; (4) the ALJ erred in assessing the medical opinion of Dr. Anas Moureiden; and (5) the ALJ erred in assessing the prior administrative medical findings of Dr. Isaac Moore.  (Dkt. 16.)  Upon consideration, none of these contentions warrant reversal.

### I.  Symptoms of Fibromyalgia

Plaintiff argues that the ALJ erred in considering symptoms of her fibromyalgia. (Dkt. 16 at 9–15.)  Specifically, Plaintiff argues that "unremarkable" objective findings and conservative treatment are not valid bases for discrediting Plaintiff's subjective fibromyalgia pain and that the ALJ's finding that Plaintiff's condition is "stable" did not establish that the condition was not disabling.  (*Id.*)  Defendant responds that the ALJ properly considered Plaintiff's fibromyalgia symptoms under the relevant regulations and Plaintiff failed to prove that she was more limited than the RFC determined by the ALJ.  (Dkt. 17 at 7–13.)  The court agrees with the Commissioner.

In the decision, the ALJ found that Plaintiff's fibromyalgia was a severe impairment at step two of the sequential evaluation process.    (Tr. 30–31.) Fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987 (11th Cir. 2015); *see also* Soc. Sec. Admin., *Titles II & XVI: Evaluation of Fibromyalgia*, Soc. Sec. Ruling 12-2p (July 25, 2012), *available at* 2012 WL 3017612 (hereinafter, SSR 12-2p).  Fibromyalgia symptoms "can wax and wane so that a person may have 'bad days and good days.'"  SSR 12-2p at *43644.  As such, "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of the impairment." *Id.* at *43642.

In evaluating a claimant's subjective complaints of pain, including pain caused by fibromyalgia, an ALJ must apply the three-part "pain standard" articulated by the Eleventh Circuit and required by the Social Security Administration's (SSA) regulations.  *Laurey*, 632 F. App'x at 987 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002)); 20 C.F.R. § 404.1529; *see also* Soc. Sec. Admin., *Titles II and XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3p (Mar. 16, 2016), *available at* 2016 WL 1020935 (hereinafter, SSR-16-3p).  To establish disability under this standard, a claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to

give rise to the claimed pain." *Id.*; *see also Morales v. Comm'r of Soc. Sec.*, 799 F. App'x 672, 676 (11th Cir. 2020) (citing *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)). "[O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established," the ALJ must then "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" SSR 16-3p at *14167. The ALJ will "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *14168; *see also Morales*, 799 F. App'x at 676 ("Once a claimant establishes a qualifying medical condition, the ALJ must consider 'all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms' in deciding whether the claimant is disabled.") (quoting *Foote*, 67 F.3d at 1561).

If the ALJ discredits a claimant's subjective complaints of pain, the ALJ must articulate "explicit and adequate reasons" for doing so. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ's decision "does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote*, 67 F.3d at 1567). On appeal, "[t]he question is not . . . whether [the] ALJ could

have reasonably credited [a claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011).  If the ALJ's "clearly articulated credibility finding" is supported by substantial evidence in the record, the ALJ's finding shall not be disturbed.  *Foote*, 67 F.3d at 1562; *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's subjective testimony).

The Eleventh Circuit has also recognized that fibromyalgia often lacks objective medical signs and is generally diagnosed based upon a claimant's subjective medical evidence.  *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63 (11th Cir. 2010).  As such, the "hallmark" of fibromyalgia is "a lack of objective evidence."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Indeed, the Eleventh Circuit has acknowledged that "[g]iven the nature of fibromyalgia, a claimant's subjective complaints of pain are often the only means of determining the severity of a patient's condition and the functional limitations caused thereby."  *Somogy*, 366 F. App'x at 64.  Therefore, when evaluating fibromyalgia, an "over-emphasis upon objective findings [is] inappropriate."  *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007)); *see also* SSR 12-2p at *43643 ("If objective medical evidence does not substantiate a person's subjective statements about his or her pain or symptoms, [the SSA] consider[s] all of the evidence in the case record[.]").

- 9 -

Upon consideration, the court finds that the ALJ properly evaluated Plaintiff's fibromyalgia symptoms and provided explicit and adequate reasons for discrediting Plaintiff's subjective complaints of pain.    In considering Plaintiff's subjective complaints, the ALJ first noted Plaintiff's allegations that "she has constant widespread body pain that limits her ability to perform essentially all physical activities and affects her concentration."  (Tr. 33–34 (citing Tr. 293–303).)  The ALJ also summarized Plaintiff's hearing testimony that she "stopped working in 2015 due to foot pain that eventually turned into constant body pain and limited [her] ability to perform essentially all functions and activities of daily living."  (Tr. 34); *see* (Tr. 55–56.)  In formulating Plaintiff's RFC, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirement of 20 C.F.R. § 404.1529 and SSR 16-3p."  (Tr. 33.)  The ALJ then explained the proper standard for evaluating Plaintiff's subjective complaints and, upon review of the entire record, concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  (Tr. 33–34.)  Specifically, the ALJ found that "the record as a whole does not support [Plaintiff's] allegations to the extent that she suggests that she is totally disabled and unable to work."  (Tr. 36.)  This language demonstrates that the ALJ

correctly applied the Eleventh Circuit's standard for evaluating subjective complaints of pain and other symptoms.  *See, e.g.*, *Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at *3 (M.D. Fla. Mar. 15, 2013); *Owens v. Comm'r of Soc. Sec.*, No. 3:19-CV-1373-J-MAP, 2021 WL 651368, at *4 (M.D. Fla. Feb. 19, 2021) (finding that although ALJ relied on "boilerplate language in assessing Plaintiff's subjective pain complaints," such language "directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence") (emphasis in original).

The ALJ's findings with respect to Plaintiff's subjective complaints were also supported by substantial evidence in the record.  In the decision, the ALJ included a detailed discussion of the longitudinal medical records during the relevant period and found that the evidence "confirms that [Plaintiff] has some pain and stiffness associated with these impairments, but it does not support [her] allegations of disabling physical symptoms and limitations."  (Tr. 37); *see* SSR 12-2p at *43642, *43644. Specifically, the ALJ noted that Plaintiff has "demonstrated relatively stable abnormalities on examinations, including active enthesitis with 12–14 positive fibromyalgia tender points and tenderness and limited range of motion in her shoulders and hips[.]"  (Tr. 34 (citing Tr. 481–92).)  However, imaging of Plaintiff's pelvis, hands, shoulders, knees and lumbar spine during the relevant period were "largely unremarkable" and found only slight degenerative changes and one instance of moderate degenerative changes in Plaintiff's right knee.  (Tr. 35); *see also* (Tr. 853–54, 856, 857, 858, 859, 860 (noting moderate changes of degenerative osteoarthritis in

right knee), 861, 862, 863.)  The ALJ's consideration of this objective medical evidence was proper as it "'is a useful indicator' to assist the Commissioner in evaluating the intensity and persistence of symptoms and pain." *Morales*, 799 F. App'x at 677 (finding substantial evidence to support ALJ's discrediting of claimant's subjective complaints of fibromyalgia pain where claimant "underwent numerous forms of imaging with unremarkable results") (citing 20 C.F.R. § 404.1529(c)(2)).

Moreover, the ALJ did not "over-emphasize" this objective medical evidence to discredit Plaintiff's subjective complaints, but instead considered the record evidence as a whole. *Cf. Somogy*, 366 F. App'x at 64.  The ALJ considered treatment notes from August 2019 and July 2020, in which Plaintiff reported that she "felt 'well' without any symptoms and with good energy level," had largely unremarkable function on physical examinations, and her provider noted in September 2019 that she was "functioning well [with] no significant disability."  (Tr. 35 (citing Tr. 412–26).) Plaintiff also "demonstrated full 5/5 motor strength and normal range of motion" and had no joint tenderness or swelling or muscle tenderness during treatment in October 2020.  (Tr. 368, 558.)  The ALJ also considered Plaintiff's treatment from November 2020, at which she complained of "localized pain in the hips and trochanteric bursitis and lung range of motion despite treatment."  (Tr. 35 (citing Tr. 579).)  However, the ALJ noted that "examination findings remained consistent and stable" and that Plaintiff "maintained the same diagnoses and conservative treatment with medications and injections."  (Tr. 35 (citing Tr. 580)); *see also* (Tr. 37.)

Plaintiff argues that conservative treatment is not a legitimate basis to discredit a claimant's subjective complaints of pain due to fibromyalgia. (Dkt. 16 at 10–11.) However, the Eleventh Circuit disagrees and has found that "conservative treatment can support discrediting subjective symptoms even in cases where, like here, a claimant alleges pain from both fibromyalgia and other conditions." *Morales*, 799 F. App'x at 677 (citing *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (per curiam) (unpublished) (holding that conservative treatment for both mental impairments and pain from fibromyalgia supported ALJ's adverse credibility finding); *Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017) (per curiam) (unpublished) (same)); *see also Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996).

The ALJ also considered Plaintiff's reported daily activities in discrediting her subjective complaints of pain. (Tr. 37.) For example, Plaintiff stated on her function report that she is able to help take care of her 12-year-old son, including dropping him off and picking him up from school, and that she is able to assist with certain household activities like light cleaning and simple meal preparation. (Tr. 294–95.) Plaintiff also reported that she is able to "run errands," including shopping in stores and that she is able to drive herself to medical appointments and other activities. (Tr. 294, 296.) The ALJ properly considered these reported daily activities and found them to be "relatively inconsistent with [Plaintiff's] allegations of total disability." (Tr. 37); *see, e.g.*, *Lemons v. Comm'r, Soc. Sec. Admin.*, No. 22-10198, 2022 WL 4489646, at *2–3 (11th Cir. Sept. 28, 2022) ("An ALJ may discredit a claimant's subjective complaints based,

at least in part, on daily activities.") (citing *Dyer*, 395 F.3d at 1210–12); *Conner v. Astrue*, 415 F. App'x 992, 995 (11th Cir. 2011) (same).  The ALJ thus concluded that "while the record is clear that [Plaintiff] has some symptoms related to her conditions, including primarily pain, stiffness, and mood abnormalities, it does not support [Plaintiff's] allegations of further limitations."  (Tr. 37.)

Plaintiff also argues that the ALJ's finding that Plaintiff's fibromyalgia was stable does not establish that the condition was not disabling.  (Dkt. 16 at 11–15.) However, as discussed above, the ALJ found that Plaintiff's subjective complaints of pain causing total disability were not supported by the record and provided a detailed analysis of the record evidence, including Plaintiff's fibromyalgia, in formulating her RFC.  *See, e.g.*, *Derrick v. Soc. Sec. Admin., Comm'r*, No. 21-13388, 2022 WL 791710, at *4 (11th Cir. Mar. 16, 2022) ("Instead of concluding that Derrick's fibromyalgia was not severe due to a lack of objective evidence, as in *Somogy*, the ALJ made this finding based on the objective medical evidence that typically described her fibromyalgia as moderate and stable.").  The ALJ also specifically stated that she considered SSR 12-2p in the decision, further indicating that she properly evaluated Plaintiff's fibromyalgia.  (Tr. 38); *see Derrick*, 2022 WL 791710, at *5 ("The ALJ cited to SSR 12-2p in his decision, further indicating that he properly evaluated Derrick's fibromyalgia.").  The ALJ therefore provided explicit and adequate reasons for discounting Plaintiff's subjective complaints of pain, and the decision that her subjective complaints of total disability were not entirely consistent with the evidence

of record was supported by substantial evidence as discussed above. *See Holt*, 921 F.2d 1223. The court may not disturb the ALJ's clearly articulated credibility finding and cannot reweigh the evidence on appeal. *Dyer*, 395 F.3d at 1212; *Foote*, 67 F.3d at 1562.

## II.   Symptoms of Psoriatic Arthritis

Plaintiff argues that the ALJ failed to properly consider her psoriatic arthritis symptoms and advances the same contentions as she did with respect to her fibromyalgia. (Dkt. 16 at 15–18.) Specifically, Plaintiff argues that the ALJ's stated reasons for discounting her subjective complaints of pain due to her psoriatic arthritis, including stable findings on examination, consistently conservative treatment, and unremarkable objective examination results, were not valid. (*Id.*) Defendant responds that the ALJ articulated explicit and adequate reasons for discounting Plaintiff's subjective complaints and that substantial evidence supports the ALJ's decision. (Dkt. 17 at 13–17.) Upon consideration, the court finds Plaintiff's arguments to be without merit for the reasons explained above.

As with her fibromyalgia, the ALJ found Plaintiff's psoriatic arthritis to be a severe impairment at step two. (Tr. 30–31.) In formulating Plaintiff's RFC, the ALJ then applied the appropriate legal standard to evaluate Plaintiff's subjective complaints of pain and other symptoms and found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the record because "the record as a whole does not support [her] allegations to the extent that she suggests that she is totally disabled and unable to work." (Tr. 36.) Contrary to

Plaintiff's assertion, the ALJ did not disregard Plaintiff's symptoms based solely on a lack of objective evidence, but instead found that the objective medical evidence demonstrated that Plaintiff's conditions caused only moderate symptoms rather than the complete disability that Plaintiff alleged.  (Tr. 34–35); *see, e.g.*, *Derrick*, 2022 WL 791710, at *4; *contra Snyder v. Comm'r of Soc. Sec.*, 330 F. App'x 843, 848 (11th Cir. 2009) (remanding where ALJ's decision included only a "broad credibility finding" and "gave no further explanation for his decision to discredit [the claimant's testimony"). As discussed above, the ALJ provided explicit and adequate reasons for discounting Plaintiff's subjective complaints and the ALJ's consideration of Plaintiff's subjective symptoms, including her symptoms of psoriatic arthritis, demonstrated consideration of Plaintiff's medical condition as a whole and was supported by substantial evidence.

## III.   Consideration of Medical Opinion Evidence

Plaintiff argues that the ALJ erred in considering medical opinion evidence from three medical sources. (Dkt. 16 at 18–22.) Upon consideration, the court finds that the ALJ did not err in considering the medical opinion evidence and none of Plaintiff's contentions warrant reversal.

### A. Applicable Regulations

On January 18, 2017, the SSA published new regulations regarding the consideration of medical opinions and other evidence, with an effective date of March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  Plaintiff filed her application for benefits on

August 27, 2020, and the new regulations therefore apply to her claim.  (Tr. 245–51);
*see Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898 (11th Cir. 2022) (affirming that
new regulations apply to applications filed after effective date).

When considering medical opinion evidence submitted by a medical source, an
ALJ must "articulate . . . how persuasive [she] find[s] all of the medical opinions . . .
in [the] case record," consistent with the standards in 20 C.F.R. § 404.1520c.  20
C.F.R. § 404.1520c(a)–(b).  Under the regulations, an ALJ need not "defer or give any
specific evidentiary weight, including controlling weight, to any medical opinion(s) or
prior administrative medical finding(s)," including those from a claimant's medical
sources.  *Id.*; *see also Walker v. Soc. Sec. Admin., Comm'r*, No. 21-12732, 2022 WL
1022730, at *2 (11th Cir. Apr. 5, 2022) ("Under the new regulatory scheme, the ALJ
must articulate how persuasive he finds each medical opinion, but he no longer must
assign more weight to a treating source's medical opinion or explain why good cause
exists to disregard it.").  Instead, the regulations provide "several factors for
determining what weight to give a claimant's proffered medical opinions."  *Harner*, 38
F.4th at 897 (citing 20 C.F.R. § 404.1520c(c)(1)–(5)).  While there are several factors
the ALJ must consider, "[t]he most important factors" are supportability and
consistency.  20 C.F.R. § 404.1520c(b)(2).  "Supportability" refers to the principle that
"[t]he more relevant the objective medical evidence and supporting explanations
presented by a medical source are to support his or her medical opinion(s) or prior
administrative finding(s), the more persuasive the medical opinions or prior

administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Under the revised regulations, the ALJ must explain how she "considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings," but need not discuss any of the other factors. 20 C.F.R. § 404.1520c(b)(2); *see Callahan v. Comm'r of Soc. Sec.*, No. 22-12701, 2023 WL 3736042, at *1 (11th Cir. May 31, 2023) ("Supportability and consistency are the most important factors and must be explained, but the ALJ is not required to explain the other factors."). When a medical source submits multiple medical opinions, the ALJ is not required to discuss each opinion, but will instead "articulate how [she] considered the medical opinions . . . from that medical source together in a single analysis," considering the necessary factors. 20 C.F.R. § 404.1520c(b)(1).

## B. Medical Opinion of Physical Therapist Pribila

Plaintiff argues that the ALJ erred in considering a functional capacity evaluation (FCE) completed by physical therapist Anthony P. Pribila in July 2020. (Dkt. 16 at 18–21.) Specifically, Plaintiff argues that the ALJ erred in finding that the FCE was inconsistent with the other record evidence and that it was error for the ALJ

to discount the FCE because it was based on a one-time visit, without also stating her consideration of the treating relationship between Plaintiff and a state agency consultant.  (*Id.* at 19–21.)  Defendant responds that the ALJ properly considered Mr. Pribila's medical opinion under the relevant regulations and the ALJ's consideration of that opinion was supported by substantial evidence.  (Dkt. 17 at 17–20.)  The court agrees with Defendant.

In determining Plaintiff's RFC, the ALJ provided a detailed discussion of the medical opinion evidence in the record, including Mr. Pribila's FCE of Plaintiff.  The ALJ summarized Mr. Pribila's FCE as follows:

> The claimant complained of ankle pain that began in November 2015 and led to eventual gait disturbance and pain in her low back and hips with subsequent diagnoses of fibromyalgia, psoriatic arthritis, and spondylosis.  During the evaluation, she demonstrated tenderness in her spine and right hip and had difficulty performing activities requiring lifting, carrying, pushing, pulling, reaching, bending, squatting, walking, climbing stairs, balancing, sitting, standing, kneeling, and climbing ladders.  The evaluator found that the claimant was able to perform a reduced range of sedentary work due to an average sitting and standing time of 13 minutes each with the need to change positions up to nine times in a three-hour period.  He also stated that the claimant had various other limitations that would preclude her ability to meet the job demands of any form of employment, even reduced sedentary employment, such as ability to walk only occasionally and sit or stand for 1 hour each.

(Tr. 40 (citing Tr. 435–49).)  The ALJ considered the FCE and stated that she was "not fully persuaded by this assessment because, though internally supported, it is very inconsistent with the other medical evidence."  (Tr. 40.)  The ALJ continued that the limitations assessed in the FCE are "extremely restrictive" and:

are inconsistent with the objective medical evidence showing that the claimant often possessed intact strength, sensation, neurologic function, gait, and deep tendon reflexes on examinations.  It is also inconsistent with the imaging showing mostly normal to minimal degenerative changes in the claimant's pelvis, hands, knees, and shoulders with only some moderate lumbar and right knee abnormalities.  Moreover, the extent of these limitations is inconsistent with the abnormalities that the claimant did demonstrate on examinations, including primarily positive tender points, tenderness to palpation, and reduced range of motion.  The persuasiveness is also limited since it was a onetime evaluation.  Thus, while I am persuaded that the claimant has significant limitations in her ability to perform physical work activities, I am not persuaded by the extent of these limitations.

(Tr. 40.)  The ALJ thus found that although the FCE was internally supported by Mr. Pribila's own evaluation, the limitations assessed by Mr. Pribila were inconsistent with the other evidence of record, including Plaintiff's treatment records and medical imaging.  (Tr. 40.)  For example, medical records during the relevant period demonstrated that Plaintiff appeared in no acute distress, and had no joint or muscle tenderness, weakness, or swelling.  *E.g.*, (Tr. 367–68, 385–86, 412–14, 420–22, 558.)  The ALJ further noted that the "extremely restrictive" limitations assessed by Mr. Pribila were inconsistent with the limited degeneration shown on Plaintiff's objective medical imaging (Tr. 853–54, 856, 857, 858, 859, 860, 861, 862, 863), and the abnormalities that Plaintiff did demonstrate on examination, such as positive tender points and limited range of motion (Tr. 481–94).  Thus, the ALJ's finding that Mr. Pribila's FCE was inconsistent with the other evidence of record was supported by substantial evidence.

Further, that the ALJ stated that the persuasiveness of the FCE "is also limited since it was a onetime evaluation" (Tr. 40), does not require that the ALJ specifically state her consideration of Plaintiff's relationship with the other medical sources providing medical opinions or prior administrative findings.  Indeed, the applicable regulations provide that the ALJ must explain how she "considered the supportability and consistency factors for a medical source's medical opinions" but need not discuss any of the other factors, including the medical source's "[r]elationship with the claimant." 20 C.F.R. § 404.1520c(b)(2); *Callahan*, 2023 WL 3736042, at *1.  Plaintiff's reliance on *Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 847 (11th Cir. 2016) is misplaced as that decision applied the SSA's old regulations, prior to the revised articulation standards necessary for the consideration of medical opinion evidence. The ALJ properly discussed the supportability and consistency of Mr. Pribila's FCE in accordance with the applicable regulations and the ALJ's consideration of the FCE was supported by substantial evidence as discussed above.

### C. Medical Opinions of Dr. Moureiden

Plaintiff argues that the ALJ erred in considering the medical opinions of Dr. Anas Moureiden.  (Dkt. 16 at 21–22.)  Specifically, Plaintiff argues the ALJ erred in finding that Dr. Moureiden's opinion was not internally well-supported because Dr. Moureiden adopted the FCE, which the ALJ found to be internally supported; and that it was error for the ALJ to consider that Dr. Moureiden's opinion was not consistent with imaging studies.  (*Id.*)  Defendant responds that the ALJ properly

considered Dr. Moureiden's opinion under the relevant regulations.  (Dkt. 17 at 20–

21.)  The court agrees with Defendant.

In considering the medical opinion evidence while formulating Plaintiff's RFC,

the ALJ provided a detailed discussion of two statements submitted by Dr. Moureiden.

(Tr. 39 (citing Tr. 898–917).)   The ALJ initially noted that the statements were

submitted in December 2016, prior to the alleged onset date, and December 2021, after

the date last insured.  (Tr. 39.)  The ALJ then summarized Dr. Moureiden's statements

as follows:

> In these statements, Dr. Moureiden opined that the claimant would have
> tenderness pain, and decreased range of motion in her shoulders,
> subacromial bursa, and sacroiliac (SI) joints from psoriatic arthritis,
> psoriasis, fibromyalgia, spondylarthritis, and osteoarthritis that would
> essentially render her unable to perform fulltime work on a regular and
> sustained basis.  For example, she opined that the claimant's symptoms
> would frequently interfere with her attention and concentration, would
> limit her ability to stand/walk or sit for less than 2 hours each per day,
> and would limit her ability to lift/carry up to 10 pounds occasionally.
> She also opined various postural limitations, limitations regarding leg
> elevation, and opined that the claimant would miss more than four days
> of work per month.  She also based some of her 2021 opinions on the
> Functional Capacity Evaluation (FCE) . . . which is also unpersuasive for
> the reasons discussed[.]

(Tr. 39.)  The ALJ found Dr. Moureiden's statements to be minimally persuasive

because:

> they are not internally well supported and are not consistent with the
> other evidence.  To begin, these statements are clearly not well supported
> by Dr. Moureiden's own treatment notes, which frequently confirm only
> 12–14 positive tender points, tenderness to palpation, and reduced
> shoulder and hip range of motion.   The claimant's tenderness and
> reduced range of motion do not sufficiently support or corroborate such
> extreme limitations.  Furthermore, some of these limitations are absent

from the record as a whole, such as that the claimant must elevate her legs above her heart 50% of day, which limits their persuasiveness. Moreover, these limitations are inconsistent with the examination findings contained within other treatment notes throughout the record that confirm the claimant denied most symptoms, reported good energy, and possessed intact strength, range of motion, sensation, and gait on examination.  They are also inconsistent with the imaging studies showing no more than moderate musculoskeletal abnormalities.  Thus, I am only minimally persuaded by these statements because I also find the claimant has significant limitations in her ability to perform physical work-related activities, but not to the extent opined by these limitations.

(Tr. 39–40.)  The ALJ thus concluded that Dr. Moureiden's treatment notes, which included findings of tenderness and limited range of motion, did not support the "extreme limitations" that Dr. Moureiden assessed in the medical source statements. *See* (Tr. 481–94.)  The ALJ further found that the limitations assessed by Dr. Moureiden were inconsistent with the medical records demonstrating that Plaintiff appeared in no acute distress, and had no joint or muscle tenderness, weakness, or swelling (Tr. 367–68, 385–86, 412–14, 420–22, 558), and the objective medical imaging showing only slight or moderate degeneration (Tr. 853–54, 856, 857, 858, 859, 860, 861, 862, 863).  Moreover, the court agrees with Defendant that the ALJ properly evaluated the supportability of Dr. Moureiden's opinions despite Dr. Moureiden having adopted the FCE and the ALJ's finding that the FCE was internally supported.   In evaluating Dr. Moureiden's opinions, the ALJ properly assessed their supportability by determining the relevance of Dr. Moureiden's own objective medical evidence and supporting explanations in supporting Dr. Moureiden's medical opinions. *See* (Tr. 39–40); 20 C.F.R. § 404.1520c(c)(1).

The ALJ therefore properly stated her consideration of the supportability and consistency of Dr. Moureiden's medical source statements as required by 20 C.F.R. § 404.1520c and that consideration was supported by substantial evidence in the record. To the extent Plaintiff identifies other evidence in the record that she contends supports or is consistent with Dr. Moureiden's opinions, the court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."); *see Miles*, 84 F.3d at 1400 ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

### D. Prior Administrative Medical Findings of Dr. Moore

Plaintiff argues that the ALJ erred in finding the prior administrative medical findings of Dr. Isaac Moore to be mostly persuasive because Dr. Moore did not consider the FCE and "[t]he determination of the RFC is supposed to be based on all of the evidence." (Dkt. 16 at 22.) Defendant responds that the ALJ properly considered Dr. Moore's findings. (Dkt. 17 at 21–23.) The court agrees with Defendant.

Formulating a claimant's RFC is the ALJ's responsibility "based on all the relevant evidence in [the] case record." 20 C.F.R. §§ 404.1545, 404.1546; *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010); *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's RFC is a matter reserved for the

ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). In determining a claimant's RFC, the ALJ need not adopt each part of a medical opinion that the ALJ otherwise finds persuasive. 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Indeed, "the ALJ's RFC assessment [does] not need to match or mirror the findings or opinions of any particular medical source (especially when that source's opinion has been discredited), because the responsibility of assessing the RFC rests with the ALJ." *Freyhagen v. Comm'r of Soc. Sec.*, No. 3:18-cv-1108, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019); *Kopke v. Astrue*, No. 8:11-cv-1197-T-30TGW, 2012 WL 4903470, at *5 (M.D. Fla. Sept. 26, 2012), *report and recommendation adopted,* 2012 WL 4867423 (M.D. Fla. Oct. 15, 2012). Further, when considering a medical source's opinion or prior administrative medical findings, the ALJ "will also consider whether new evidence [] receive[d] after the medical source made his or her medical opinion or prior administrative medical finding makes the medical opinion or prior administrative medical finding more or less persuasive." 20 C.F.R. § 404.1520c(c)(5).

Dr. Isaac Moore provided an assessment of Plaintiff's condition in a December 2020 Disability Determination Explanation at the initial level. (Tr. 105–23.) Dr. Moore's findings included an RFC assessment, in which Dr. Moore opined that Plaintiff is able to perform light work, with certain exertional, postural, manipulative,

and environmental limitations. (Tr. 113–21.) In the decision, the ALJ stated that she was "mostly persuaded" by Dr. Isaac Moore's assessment at the initial level. (Tr. 38.) Specifically, the ALJ found that "Dr. Moore provided good internal support for his assessment with a detailed and thorough discussion of the evidence that he relied upon" and that the limitations assessed by Dr. Moore were "largely consistent with that evidence, which shows treatment for musculoskeletal, immune, and rheumatological conditions primarily causing pain and stiffness." (Tr. 38.) However, in accordance with 20 C.F.R. § 404.1520c(c)(5), the ALJ specifically noted that "Dr. Moore did not have the benefit of reviewing the vast majority of the medical evidence, including a large amount of evidence submitted at the hearing level" so the ALJ "[found] it appropriate to deviate from some of [Dr. Moore's assessed] limitations," including by "adjusting[ing] the non-exertional limitations to better reflect the record as a whole." (Tr. 38.)

As discussed in detail above, the ALJ's decision and formulation of Plaintiff's RFC demonstrated consideration of "all the relevant evidence in [Plaintiff's] case record." 20 C.F.R. § 404.1545; (Tr. 33–40.) The ALJ properly considered Dr. Moore's prior administrative medical findings, including their supportability and consistency, and recognized that Dr. Moore had not reviewed the totality of the record evidence. (Tr. 38); *see* 20 C.F.R. § 404.1520c(c)(5). In exercising her responsibility to formulate Plaintiff's RFC, the ALJ also properly deviated from Dr. Moore's assessed limitations based on her consideration of the entire record. (Tr. 38.) Plaintiff has

therefore failed to demonstrate error with the ALJ's consideration of Dr. Moore's prior administrative medical findings and the decision must be affirmed. *E.g.*, *Simpson v. Commissioner of Soc. Sec.*, No. 2:21-cv-89-KCD, 2022 WL 4944469, at *4 (M.D. Fla. Oct. 4, 2022) (finding no error where ALJ's consideration of state consultants' opinions accounted for later accumulated evidence).

**CONCLUSION**

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED**.

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on December 29, 2023.

_____

JULIE S. SNEED

UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has 14 days after being served with this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record